IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CEDRIC THOMAS, #126 344            *

    Plaintiff,                              *

        v.                                    * CIVIL ACTION NO. 2:03-CV-324-A
                                                                 WO

BOB RILEY, *et al.*,                     *

    Defendants.                          *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed by Plaintiff on March 25, 2003. On April 28, 2003 the court entered an order of procedure which instructed Plaintiff, among other things, to inform the court of any change in his address. (Doc. No. 19.)

The court recently ascertained that Plaintiff is no longer at the most recent address he provided to the court. Consequently, an order was entered on May 27, 2005 directing Plaintiff to provide the court with his present address on or before June 9, 2005. ( Doc. No. 28.) Plaintiff was cautioned that his failure to comply with the court's May 27 order would result in a recommendation that this case be dismissed. (*Id*.) Because Plaintiff has filed nothing in response to this order, the court concludes that this case should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failures to prosecute this action properly and

to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **July 5, 2005.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of June, 2005.

                         **/s/ Delores R. Boyd**
                         DELORES R. BOYD
                         UNITED STATES MAGISTRATE JUDGE